**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MARTINE MATEJCZYK, | ) | |
| | ) | |
|     Plaintiff | ) | Civil Action File No. |
| vs. | ) | 1:21-cv-00483 |
| | ) | |
| RENT RECOVERY SOLUTIONS, LLC, and | ) | |
| TRAVELERS CASUALTY AND SURETY | ) | |
| CO. OF AMERICA, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

**DEFENDANT'S RENT RECOVERY SOLUTIONS, LLC'S ANSWER**

COMES NOW, Rent Recovery Solutions, LLC, Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

**SECOND DEFENSE**

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

**THIRD DEFENSE**

Plaintiff has not been damaged; therefore, Plaintiff may not recover against this Defendant.

## FOURTH DEFENSE

Plaintiff lacks standing.

## FIFTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

1. Defendant denies the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

## VENUE

2. The allegations contained in Paragraph 2 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond.  To the extent that any response is required; denied.

## THE PARTIES

3. Defendant admits that Plaintiff is an individual.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

7.  Defendant admits the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8.  Defendant admits that the unpaid account relates to Plaintiff's lease associated with 24 Flats Apartment.

9.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant admits that the account associated with the 24 Flats Apartment was placed with Defendant for collection.

11. Defendant admits that the content of its website speaks for itself.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

## COUNT I. VIOLATION OF TDCA § 392.202

18. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

19. Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

## COUNT II. VIOLATIONS OF FDCPA § 1692e(5)

22. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

23. The allegations contained in Paragraph 23 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond.  To the extent that any response is required; denied.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

## REQUEST FOR RELIEF

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

**[SIGNATURE ON NEXT PAGE]**

- 5 -

Dated: July 9, 2021

Respectfully submitted,
**MALONE FROST MARTIN PLLC**

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
MARISSA L. BOULANGER
State Bar No. 24100912
Email: mboulanger@mamlaw.com
MALONE FROST MARTIN PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANT RENT
RECOVERY SOLUTIONS, LLC***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all parties entitled to notice via CM/ECF on this 9th day of July 2021.

Tyler Hickle
Law Offices of Tyler Hickle, PLLC
4005C Banister Lane, Ste. 120
Austin, TX 78704

*/s/ Xerxes Martin*
Xerxes Martin